IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS SHIPMAN, on behalf of his minor child, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 14-1472-GMS ) |
| ALICIA ALI BROOKS, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM**

The plaintiff, Dennis Shipman ("Shipman"), filed this lawsuit on behalf of his minor child alleging constitutional violations pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 9.) Shipman seeks recusal of the undersigned. The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

The complaint raises issues regarding the custody of Shipman's minor child. He asks this court to vacate orders that granted sole custody of the minor child to the defendant, Alicia Ann Brooks. The first of these orders was entered by the Family Court of the State of Delaware in and

---

[1] Shipman is not an attorney and, therefore, may proceed only with respect to the relief that he seeks on his own behalf. *See* 28 U.S.C. § 1654 (providing that a party may proceed in federal court "personally or by counsel"); *see also Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (per curiam) (holding that a non-attorney administrator of an estate may not proceed *pro se* if the estate has other beneficiaries); *Jones v. Correctional Med. Servs., Inc.*, 401 F.3d 950, 951-52 (8th Cir. 2005) (same) (collecting cases); *cf. Osei-Afriyie v. Medical Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991) (holding that the appellant, a non-attorney proceeding *pro se*, could not represent his children in federal court); *Johnson v. Marberry*, 549 F. App'x 73, 75 (3d Cir. 2013) (unpublished) (mother of deceased prisoner and administrator of prisoner's estate could bring wrongful death action on behalf of prisoner's children, where mother was not an attorney).

for New Castle County on July 2, 2014. Shipman appealed. On November 25, 2014, the Delaware Supreme Court affirmed the judgment of the Family Court. *See Stevens v. Brown*, 105 A.3d 990 (Del. 2014) (table).[2] Shipman alleges that the orders entered by the State courts are not supported by case law or statutes under Delaware law. Shipman sought a rehearing *en banc* which was denied by the Delaware Supreme Court on December 2, 2014. *See Stevens v. Brown*, No. 375, 2014 (Del. Dec. 2, 2014).

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Shipman proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*,

---

[2]Pseudonyms were assigned to the parties.

2

878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Shipman leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P.

8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

It is clear in reading the complaint that Shipman's claim revolve around his dissatisfaction with the State Court's custody rulings. To the extent Shipman seeks review and rejection of Delaware state decisions, the claims fall under the purview of the *Rooker-Feldman* doctrine and, therefore, the court cannot exercise jurisdiction.[3] To the extent the guardianship action remains pending in State court and has not yet reached final resolution, the court must abstain by reason of the abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), which has been extended to civil cases and state administrative proceedings. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

In addition, the court also lacks subject matter jurisdiction to hear this type of dispute in the first instance. While the parties are presumably diverse, the court lacks diversity jurisdiction over cases involving domestic relations, as follows:

> the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States, has been interpreted by the federal courts to apply with equal vigor in suits brought pursuant to diversity jurisdiction. This application is consistent with *Barber*'s directive to limit federal courts' exercise of diversity jurisdiction over suits for divorce and alimony decrees. We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees.

---

[3]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte*. *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

4

*Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (citations omitted). *See also Magaziner v. Montemuro*, 468 F.2d 782, 787 (3d Cir. 1972) ("Domestic relations is a field peculiarly suited to state regulation and control and peculiarly unsuited to control by federal courts.").

Based upon the foregoing, the court lacks subject matter jurisdiction pursuant to the domestic relations exception to federal diversity jurisdiction and the Rooker-Feldman doctrine.

## IV. Motion for Recusal

Shipman seeks the undersigned's recusal on the grounds that the undersigned has evident bias, has delayed rulings in other cases involving Shipman, and has ruled against Shipman. (D.I. 5.) Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). Under § 455(b) (1), a judge is also required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, "claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at

courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune." *Id.* at 555-56.

In light of the foregoing standard and after considering Shipman's assertions, the undersigned concludes that there are no grounds for recusal.

## V. CONCLUSION

The court will deny the motion for recusal (D.I. 5) and will dismiss the complaint for want of jurisdiction and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In light of the nature of Shipman's claims, the court finds that amendment would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

April 29, 2015
Wilmington, Delaware